Strafford,
No. 4276.

ELIZABETH M. FREDETTE, *Indiv.* and as *Adm'x*

*v.*

MARGARET A. FOLEY.

Argued February 2, 1954.

Decided March 31, 1954.

510

*McCabe & Fisher* and *John D. McCarthy* (*Mr. McCarthy* orally), for the plaintiff.

*James W. Doherty* (by brief and orally), for the defendant.

LAMPRON, J. There was ample evidence to support the finding of the Trial Court that the defendant was accountable to the plaintiff for $1,500 and the decree ordering its payment was according to law.

Defendant admits that on the sale of the Somersworth Road property after Henry's death she received $3,600 after the payment of all charges against the property. She paid therefrom $200 to an attorney for fees. She and Henry both worked while they lived together. At some time he earned between $65 and $70 per week and she earned around $78. At other times Margaret's weekly pay was $50 or $40. She turned her earnings over to Henry who handled all the money. He bought what was needed for the home and made all the payments on the two houses they purchased.

Margaret thought that Henry was putting her money away in a box they had. "When I opened that box the box was empty when Mr. Fredette died, I didn't have anything in the house . . . of money." Henry was under order to pay for the support of his family $12 per week and at one time $15 per week plus attorney's fees to his wife. It appears however that he did not make these payments with any degree of regularity.

The Trial Court could find on the evidence that the parties were entitled to share the proceeds from the sale of the house (*Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491) unless the terms of the agreement of June 21, 1950, or some rule of law demanded a different result.

There is no claim made and the evidence would not support the application of the provisions of R. L., c. 359, s. 19, to bring about a different result. Nor would it serve any useful purpose to decide whether the agreement of the parties created an active trust (*Bellows* v. *Page,* 88 N. H. 283, 286) or a dry trust (*Id.,* 284; *Wilkins* v. *Miltimore,* 95 N. H. 17, 19) for if the intent to create a joint tenancy is clearly expressed therein (*Gagnon* v. *Pronovost,* 96 N. H. 154, 156) it makes no difference whether the interest of the parties is legal or equitable. 1 Scott, Trusts, 586; Restatement, Trusts, s. 113, *comment* c; 48 C. J. S. 915.

We now direct our attention to the language of paragraph (3), of said agreement, viz: "the said Cooks agree to convey said property to Foley - Fredette, the survivor of them or their nominees, at their request, at any time within two (2) years from the date of this agreement." It is true the words "the survivor of them" found in the above are contained in R. L., c. 259, s. 17, which sets out the means of creating a joint tenancy. However we must examine this agreement as a whole and not some isolated words in it to determine if there is expressed therein in clear and definite language an intent to create a joint tenancy. *Gagnon* v. *Pronovost, supra,* 159.

In our opinion the words "Foley - Fredette, the survivor of them" were used to indicate the nature of an estate which could be created within a two-year period if such conveyance were requested by both Foley and Fredette within that time. Since no such request was made, no joint tenancy was ever created.

There were no requests made for special findings or rulings. The finding by the Trial Court that defendant is accountable to the plaintiff in the amount of $1,500 impliedly includes a

finding that deceased had made contributions which required such a reimbursement. *York* v. *Misiak,* 95 N. H. 437, 438; *Smith* v. *Pratt,* 95 N. H. 337; *Hatch* v. *Rideout,* 95 N. H. 431. Being the administratrix of Henry's estate, plaintiff's right to receive said sum does not require the existence of a right of dower in the Somersworth Road property nor proof of fraud practiced by any of the parties.

There being no joint tenancy defendant's motions were properly denied and the order must be.

*Exceptions overruled.*

All concurred.